# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| DIANA OTZELBERGER, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　Plaintiff,<br>　v.<br>NATIONAL ENTERPRISE SYSTEMS, INC.,<br><br>　　　　　　Defendant. | Case No.: 20-cv-728<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA") and the Wisconsin Consumer Act, Chs. 421-427, Wis. Stats. (the "WCA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331, 1337, and 1367. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Diana Otzelberger is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from Plaintiff a debt incurred for personal, family, or household purposes.

5. Plaintiff is also a "customer" as defined in the WCA, Wis. Stat. § 421.301(17), in that she engaged in a consumer transaction.

6. Defendant National Enterprise Systems, Inc. ("NES") is a foreign business corporation with its principal offices located at 29125 Solon Road, Solon, Ohio 44139.

7. NES is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8. NES is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes.

9. NES is licensed as a "collection agency" pursuant to Wis. Stat. § 218.04 and Wis. Admin. Code Ch. DFI-Bkg. 74.

10. NES is a debt collector as defined in 15 U.S.C. § 1692a and Wis. Stat. § 427.103(3).

**FACTS**

11. On or about April 4, 2020 Defendant mailed Plaintiff a debt collection letter regarding an alleged debt owed to "Synchrony Bank" ("Synchrony"). A copy of this account statement is attached to this complaint as Exhibit A.

12. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

13. Upon information and belief, Exhibit A is a form debt collection letter, generated by computer, and used by Defendant to attempt to collect alleged debts.

14. Defendants mailed Exhibit A to Plaintiff in a "window envelope" – an envelope containing transparent, "glassine" windows displaying Plaintiff's name and address and Defendant's return address.

15. Also printed on Exhibit A, immediately above Defendant's return address and in all-caps font are the words "PERSONAL & CONFIDENTIAL."

16. The "PERSONAL & CONFIDENTIAL" language was visible through the glassine window. It appears as follows:

```
ՊԱիրակիցիկիիիիիիիիիիիիիիիիիիիիիիիիիիիիիիիիիիիիիիի
*PERSONAL & CONFIDENTIAL*
Diana Otzelberger
5435 S Mccreedy Ave
Cudahy WI 53110-2224
```

17. Plaintiff opened the envelope containing Exhibit A but did not retain the envelope, which contained the glassine window through which the "PERSONAL & CONFIDENTIAL" language was visible.

18. 15 U.S.C. § 1692f(8) expressly prohibits:

(8) Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

19. Like 15 U.S.C. § 1692f(8), Wis. Stat. § 427.104(1)(e) prohibits debt collectors from disclosing "information affecting the customer's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information."

20. The Seventh Circuit recently held that the plain language of 15 U.S.C. 1692f(8) prohibits debt collectors from printing *any* extraneous text in a way that it is visible on an envelope containing a dunning letter. *Preston v. Midland Credit Mgmt.*, 948 F.3d 772 (7th Cir. 2020).

21. *Preston* addressed a dunning letter in an envelope containing the language "TIME SENSITIVE DOCUMENT." *Id.* at 777.

22. The Seventh Circuit held that any extraneous language visible on an envelope containing a debt collection letter violates 15 U.S.C. § 1692f(8) as a matter of law:

> The first sentence of § 1692f prohibits debt collectors from using unfair or unconscionable means to collect a debt. That prohibition is then followed by a specific list of conduct that violates the section. Among those acts specifically listed is the use of "any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer ... except that a debt collector may use his business name" under prescribed circumstances. 15 U.S.C. § 1692f(8). On its face, the prohibition is clear: use of any language or symbol on an envelope, except for the debt collector's name (if it does not indicate that the collector is in the business of debt collection) and the debt collector's address, violates subsection (8).

*Id.* at 781.

23. In *Preston*, the Seventh Circuit expressly rejected the "benign language exception" followed in some other circuits, holding that Congress created a bright-line rule:

> Believing the statutory language to be ambiguous, the court looked to the legislative history, the Federal Trade Commission's ("FTC") interpretation of the provision, and district court cases interpreting the provision, *see Goswami*, 377 F.3d at 494 (collecting cases), to conclude that a benign-language exception should apply.
>
> . . .
>
> We respectfully disagree with the approach taken by our sister circuits. . . . The statutory language [of § 1692f(8)] does, in fact, prohibit debt collectors from sending communications to consumers in envelopes bearing symbols that are indicative of debt collection. The language of the statute simply draws a clear line to ensure that consumers' rights are not lost in the interpretation of more subtle language. As one court has explained,
>
>> [t]his approach provides certainty to debt collectors and avoids the problem of having to decide on a case by case basis what language or symbols intrude into the privacy of the debtor or otherwise constitute "an unfair or unconscionable means to collect or attempt to collect a debt." [15 U.S.C.] § 1692f. Congress wrote into the law a bright-line rule with respect to markings on envelopes sent to debtors and authorized the award of damages to debtors if debt collectors violate the plain language of § 1692f(8).

4

> *Palmer v. Credit Collection Servs., Inc.*, 160 F. Supp.3d 819, 822-23 (E.D. Pa. 2015). In providing certainty, this provision furthers the FDCPA's overall purpose of "eliminat[ing] abusive debt collection practices by debt collectors" and "insur[ing] that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged."
>
> In sum, the meaning of § 1692f(8) is clear: When a debt collector communicates with consumers through the mails, it may not use any language or symbol on the envelope except for its business name or address, as long as the name does not indicate that he is in the debt collection business. Turning to the facts here, there is no question that the language "TIME SENSITIVE DOCUMENT" appears on the envelope enclosing a communication to a consumer. It is equally apparent that the language at issue does not fall within the itemized exception set forth in subsection (8): It is not Midland's name nor its address. The inclusion of this phrase thus violates § 1692f(8), and the district court erred in dismissing the claim set forth in Count I of Mr. Preston's complaint.

*Id.* at 782-84; *cf. Goswami v. American Collections Enterprise, Inc.*, 377 F.3d 488 (5th Cir. 2004); *Strand v. Diversified Collection Service, Inc.*, 380 F.3d 316 (8th Cir. 2004).

24. As in *Preston*, the "PERSONAL & CONFIDENTIAL" language on Exhibit A violates the plain language of 15 U.S.C. § 1692f(8). *Preston*, 948 F.3d at 783-84.

25. There is no artificial distinction between language printed directly on an envelope itself and language printed on the dunning letter that is visible through the envelope's glassine window. The purpose of 15 U.S.C. § 1692f(8) is to prohibit the disclosure of information to third parties. Indeed, the "TIME SENSITIVE DOCUMENT" language at issue in *Preston* was actually printed on an internal envelope that was itself visible through the glassine window of the envelope that actually contained the postage. *Preston*, 2020 U.S. App. LEXIS 1775, at *3; *see also, Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303-04 (3d Cir. 2014) (disclosure through window envelope "implicates a core concern animating the FDPCA—the invasion of privacy."); 15 U.S.C. § 1692c(b) (prohibiting debt communication with third parties other than those specified in the statute).

5

26. Further, it is not difficult for a debt collector to comply with 15 U.S.C. § 1692f(8) – the creditor simply must not print extraneous information on the envelopes or allow it to show through the glassine windows of envelopes.

### *The FDCPA*

27. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Derosia v. Credit Corp Solutions*, 2018 U.S. Dist. LEXIS 50016, at *12 (E.D. Wis. Mar. 27, 2018) ("'a plaintiff who receives misinformation form a debt collector has suffered the type of injury the FDCPA was intended to protect against' and 'satisfies the concrete injury in fact requirement of Article III.'") (quoting *Pogorzelski v. Patenaude & Felix APC*, 2017 U.S. Dist. LEXIS 89678, 2017 WL 2539782, at *3 (E.D. Wis. June 12, 2017)); *Spuhler v. State Collection Servs.*, No. 16-CV-1149, 2017 U.S. Dist. LEXIS 177631 (E.D. Wis. Oct. 26, 2017) ("As in Pogorzelski, the Spuhlers' allegations that the debt collection letters sent by State Collection contained false representations of the character, amount, or legal status of a debt in violation of their rights under the FDCPA sufficiently pleads a concrete injury-in-fact for purposes of standing."); *Bock v. Pressler & Pressler, LLP*, No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21 (D.N.J. May 25, 2017) ("through [s]ection 1692e of the FDCPA, Congress established 'an enforceable right to truthful information concerning' debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional provision of misinformation' related to such practices, 'contribute[s] to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy,"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C

10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

28. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

29. Allowing debt collectors to print extraneous information risks injury to the privacy interests expressly protected by Congress in the FDCPA, even where the language might be considered "benign." As the Seventh Circuit explained in *Preston*, the prohibition on ***any*** extraneous text "simply draws a clear line to ensure that consumers' rights are not lost in the interpretation of more subtle language." *Preston*, 948 F.3d at 783.

30. 15 U.S.C. § 1692f generally prohibits the "use [of] unfair or unconscionable means to collect or attempt to collect any debt."

31. 15 U.S.C. § 1692f(8) specifically prohibits:

> Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

### *The WCA*

32. The Wisconsin Consumer Act ("WCA") was enacted to protect consumers against unfair, deceptive, and unconscionable business practices and to encourage development of fair and economically sound practices in consumer transactions. Wis. Stat. § 421.102(2).

33. The Wisconsin Supreme Court has favorably cited authority finding that the WCA "goes further to protect consumer interests than any other such legislation in the country," and is "probably the most sweeping consumer credit legislation yet enacted in any state." *Kett* v. *Community Credit Plan, Inc.,* 228 Wis. 2d 1, 18 n**.**15, 596 N.W.2d 786 (1999) (citations omitted).

34. To further these goals, the Act's protections must be "liberally construed and applied." Wis. Stat. § 421.102(1); *see also* § 425.301.

35. "The basic purpose of the remedies set forth in Chapter 425, Stats., is to induce compliance with the WCA and thereby promote its underlying objectives." *First Wisconsin Nat'l Bank v. Nicolaou*, 113 Wis. 2d 524, 533, 335 N.W.2d 390 (1983). Thus, private actions under the WCA are designed to both benefit consumers whose rights have been violated and also competitors of the violators, whose competitive advantage should not be diminished because of their compliance with the law.

36. To carry out this intent, the WCA provides Wisconsin consumers with an array of protections and legal remedies. The Act contains significant and sweeping restrictions on the activities of those attempting to collect debts. *See* Wis. Stats. § 427.104.

8

Case 2:20-cv-00728-NJ    Filed 05/12/20    Page 8 of 12    Document 1

37. The Act limits the amounts and types of additional fees that may be charged to consumers in conjunction with transactions. Wis. Stats. § 422.202(1). The Act also provides injured consumers with causes of action for class-wide statutory and actual damages and injunctive remedies against defendants on behalf of all customers who suffer similar injuries. *See* Wis. Stats. §§ 426.110(1); § 426.110(4)(e). Finally, "a customer may not waive or agree to forego rights or benefits under [the Act]." Wis. Stat. § 421.106(1).

38. Consumers' WCA claims under Wis. Stat. § 427.104(1) are analyzed using the same methods as claims under the FDCPA. Indeed, the WCA itself requires that the court analyze the WCA "in accordance with the policies underlying a federal consumer credit protection act," including the FDCPA. Wis. Stat. § 421.102(1).

39. Further, the Wisconsin Supreme Court has held that WCA claims relating to debt collection are to be analyzed under the "unsophisticated consumer" standard. *Brunton v. Nuvell Credit Corp.*, 785 N.W.2d 302, 314-15 (Wis. 2010). In *Brunton*, the Wisconsin Supreme Court explicitly adopted and followed the "unsophisticated consumer" standard, citing and discussing *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994). *Id.*

40. Wis. Stat. § 425.302 creates a cause of action for "all violations for which no other remedy is specifically provided" by the WCA.

41. Wis. Stat. § 427.104(1)(e) prohibits the disclosure of "information affecting the customer's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information."

42. Wis. Stat. § 427.104(1)(g) states that a debt collector may not: "Communicate with the customer … in such a manner as can reasonably be expected to threaten or harass the customer."

43. Wis. Stat. § 427.104(1)(h) states that a debt collector may not: "Engage in other conduct which can reasonably be expected to threaten or harass the customer …."

44. Wis. Stat. § 427.104(1)(j) states that a debt collector may not: "Claim, or attempt, or threaten to enforce a right with knowledge or reason to know that the right does not exist."

45. The Wisconsin Department of Financial Institutions, which is tasked with regulating licensed collection agencies, has found that "conduct which violates the Federal Fair Debt Collection Practices Act" can reasonably be expected to threaten or harass the customer. *See* Wis. Admin. Code DFI-Bkg 74.16(9) ("Oppressive and deceptive practices prohibited.").

## COUNT I – FDCPA

46. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

47. Exhibit A contains extraneous text, visible on the outside of the envelope through the glassine window, which states: "PERSONAL & CONFIDENTIAL."

48. The use of such extraneous text on an envelope containing a dunning letter, or visible on the front of the envelope through a glassine window, violates 15 U.S.C. § 1692f(8) as a matter of law. *Preston*, 948 F.3d at 783-84.

49. Defendant violated 15 U.S.C. §§ 1692f and 1692f(8).

## COUNT II – WCA

50. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

51. Exhibit A contains extraneous text, visible on the outside of the envelope through the glassine window, which states: "PERSONAL & CONFIDENTIAL."

52. The use of such extraneous text on an envelope containing a dunning letter, or visible on the front of the envelope through a glassine window, violates 15 U.S.C. § 1692f(8) as a matter of law. *Preston*, 948 F.3d at 783-84.

53. NES is licensed as a "collection agency" pursuant to Wis. Stat. § 218.04 and Wis. Admin. Code Ch. DFI-Bkg. 74.

54. Defendant violated Wis. Stat. §§ 427.104(1)(e), 427.104(1)(g), 427.104(1)(h), and 427.104(1)(j).

## CLASS ALLEGATIONS

55. Plaintiffs bring this action on behalf of a class consisting of:

(a) all natural persons in the State of Wisconsin (b) who were sent a collection letter by Defendant that included the text "PERSONAL & CONFIDENTIAL" above the recipient's address, (c) attempting to collect a debt incurred for personal, family, or household purposes, (d) where the letter was mailed between May 12, 2018 and May 12, 2020, inclusive, (e) and was not returned by the postal service.

56. The class is so numerous that joinder is impracticable.

57. Upon information and belief, there are more than 50 members of each class.

58. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendant complied with the FDCPA and WCA.

59. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

60. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

61. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

62. Plaintiff hereby demands a trial by jury.

11

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) injunctive relief;

(b) actual damages;

(c) statutory damages;

(d) attorneys' fees, litigation expenses and costs of suit; and

(e) such other or further relief as the Court deems proper.

Dated: May 12, 2020

                                             **ADEMI & O'REILLY, LLP**

By:    /s/ Mark A. Eldridge
         John D. Blythin (SBN 1046105)
         Mark A. Eldridge (SBN 1089944)
         Jesse Fruchter (SBN 1097673)
         Ben J. Slatky (SBN 1106892)
         3620 East Layton Avenue
         Cudahy, WI 53110
         (414) 482-8000
         (414) 482-8001 (fax)
         jblythin@ademilaw.com
         meldridge@ademilaw.com
         jfruchter@ademilaw.com
         bslatky@ademilaw.com